## SULLIVAN et v GRANT

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10265. Decided Dec. 23, 1929

C. W. Savage, Cleveland, for Sullivan et.
Clarke & Costello, Cleveland, for Grant.
LEMERT, PJ and SHERICK, J (5th Dist)
sitting.

**LEMERT, PJ.**

In oral argument and by way of brief counsel for plaintiffs in error contend that both principals and agents were joined as co-defendants in this action. We do not agree with this contention, for the reason that the original petition filed herein shows that three defendants converted the property of defendant in error and deprived her of the use and possession thereof. It is to be noted, however, according to the amendment allowed to the bill of exceptions, that John L. Sullivan and Morton Michaels and two other witnesses for the plaintiffs in error stated in their testimony that they did not know who the Hughes Realty Company was. John L. Sullivan and Morton Michaels claim that they were employed by the Hughes Realty Company, which company was not a party to the present suit. With this statement in the record, it would be unreasonable to agree with counsel for plaintiffs in error that both principal and agents were sued in the same transaction.

It is also contended by plaintiffs in error that the verdict is irregular because the clerk wrote in the petition the name of Anna Morgan instead of Anna Grant. A further examination of the verdict will show that in another place the name of Anna Grant appears. The verdict carries the proper case number. There was, of course, no Anna Morgan in the lawsuit, but we fail to see how this clerical error in any way prejudiced the rights of the plaintiff in error.

This same question was raised on a motion for a new trial and the trial court entered a judgment on the verdict in favor of the plaintiff in the court below.

It is also contended on behalf of plaintiff in error that the verdicts in this case were rendered in different amounts against joint tort feasors. We note from the record that the defendant in the court below was entitled to a default judgment against the Hughes Realty Company because no answer had been filed by that company. Reference is also made to this fact in the charge of the court. When a motion for a new trial was filed that motion was made on behalf of John L. Sullivan and Morton Michaels and nothing was said about the Hughes Realty Company, but when a petition in error is filed the Hughes Realty Company is included.

It appears from the meager record that is before us that the Hughes Realty Company converted all of the furniture of Anna Grant and that the defendants Michaels and Sullivan participated in that conversion, but that they actually handled only a part of the furniture which defendant in error lost.

Under the charge as given the jury set a value on the furniture which had been converted by all three of the defendants jointly and the jury went further and found an additional sum against the Hughes Realty Company. It being contended in this court that joint tort feasors are jointly liable for the entire amount taking this argument to be true, then all three defendants should have been assessed the amounts which were assessed against the Hughes Realty Company. If it be claimed that the court below committed an error in that respect then that error has worked to the benefit of the two defendants Michaels and Sullivan who were assessed an amount less than the value of

the furniture lost, then such a finding on the part of the jury could not and has not worked prejudicially to the rights of the defendants Michaels and Sullivan.

A further examination of the record before us discloses the fact that there were no exceptions taken to the charge of the court in the trial of this case in the court below. That being the case then there is really nothing for this court to review so far as the charge of the court is concerned.

Therefore, it necessarily follows from what has been said hereinbefore that we find there is no prejudicial error in the record before us to the prejudice of plaintiffs in error. Hence the judgment in the court below will be and the same is hereby affirmed. Exceptions may be noted.

Sherick, J., concurs. Houck, J., not participating.